[Gross v. Zorger.]

## Samuel Gross *against* Frederick Zorger.

Reports of referees will not be set aside for slight causes, but only for a clear mistake in law or fact, affecting the justice of the case.

Referee's reports will be judged of liberally, but they must adhere to the established essentials of actions, unless a latitude is allowed in the submission.

And therefore, if in debt for a penalty, conditioned to do a collateral act, the award exceeds the penalty and interest from the time of performance, the report will be set aside.

EXCEPTION to the report of referees.

The action was brought in debt for 100l. on a bond, dated *28th February 1777, reciting that whereas the defend- [*522 ant had sold a certain tract of land to the plaintiff for 50l., if the defendant should well and sufficiently convey the premises to the plaintiff, the bond to be void ; otherwise to remain in full force.

Bartram Galbraith afterwards in April 1791, recovered the premises in ejectment, and the plaintiff compounded with him, and bought his title.

All matters in variance were referred by agreement of the parties, to Conrad Laub, Joseph Glancey, Eli Lewis and John Hay, any three of whom were to report ; but in case of disagreement, they had liberty to choose a fifth referee. The referees met according to the rule in the presence of the parties, and the witnesses were examined on oath and affirmation administered by a justice of the peace, and the substance of their testimony reduced to writing by the referees ; but the deposition of Galbraith aforesaid was taken fully and at large by the justice at that time, as being deemed most material to the points in controversy. The referees divided in opinion, and chose Jacob Barnitz, esq. as the fifth man ; and Laub, Hay and Barnitz awarded, that the defendant should pay to the plaintiff 217l. 11s. All the papers and depositions were shewn to Barnitz in the presence of the parties, and he examined them.

The deposition of Galbraith was exhibited to the court ; but the notes of the testimony of the other witnesses were mislaid by one of the referees.

Several exceptions were taken by the defendant's counsel to the report, which was signed on 2d September 1801.

1. It was incumbent on Barnitz to have been present when the witnesses were examined, agreeably to the rule laid down in the Supreme Court, in two late cases. It is possible that certain questions might have occurred to him, the answers whereto might greatly elucidate the subject in dispute ; and this must have been the ground to the rule.  ——

2. The referees have exceeded the penalty of the bond, and any interest which could possibly accrue thereon. The present bond is within the depreciation act of 3d April 1781, and falls within the 2d and 4th sections thereof. 1 St. Laws 880. It is

[Gross v. Zorger.]

a debt or contract entered into between the 1st January 1777, and 1st March 1781, and must be adjusted agreeably to the scale therein contained.    It is a stipulation to pay a certain sum, unless a certain act is performed ; and as the 50l. paid for the lands must be presumed to have been made in the then existing currency, when the rate was one and a half for one, so also must have been the 100l. penalty rated.    But if the scale of depreciation should not be supposed to be applicable here, and the 100l. *should be considered as specie, the sum found *523] due exceeds the measure of damages settled by the parties.    A deed was executed by the defendant, which it was supposed would well and sufficiently convey the premises to the plaintiff, but unfortunately a paramount title existed.    Until the party was evicted, there was no cause of action ; and calculating interest on the entire 100l. from that time, it will fall short of the debt found due.    It may be compared to actions of trespass or case, where the declaration concludes to the damage of the plaintiff 100l.; more than that sum cannot be recovered.    If the defendant here had confessed judgment by *nil dicit*, could the plaintiff have gone beyond the penalty and consequent interest ? When the party proceeds for a penalty, he may go on, *toties quoties*. 3 Burr. 1345.    The penalty of an indemnity bond ascertains the damage by consent of parties, and the plaintiff is entitled to recover no more. 2 Bl. Rep. 1190.    Equity will relieve against a penalty, but never go beyond it. 4 Burr. 2228. In case of an eviction, equity will not go beyond the penalty of a bond conditioned for quiet enjoyment. 1 Equ. Ca. Abr. 92, pl. 5.    Cites 1 Cha. Rep. 95, S. P. 1 Vern. 350.    In Perit ex'rx *v*. Wallis, 2 Dall. 253, it was not contended, that in debt for a penalty, the plaintiff might recover more than the stipulated sum, and interest from the time of performance of the contract.

Referees must conform to the species of action as well as jurors ; they cannot go beyond what a jury might do in the particular case.    Their report, "when approved of by the court, "shall have the same effect, and shall be deemed and taken to "be as available in law, as a verdict given by twelve men." 1 St. Laws 66, sec. 3.    It will not be asserted, that in an action brought to recover money, referees can award the possession of lands, or that in detinue or trover, they are allowed to depart from those rules which are obligatory on juries.    If in an action for money had and received, they should report that a certain horse should be delivered, or in slander, that a certain tract of land should be conveyed, the court could not sanction such reports.

3. The award is inequitable and unjust.    Instead of finding the sum paid by the plaintiff and interest thereon, the referees have gone on the mistaken principle of finding the sum he had paid to Galbreath on his composition, and the interest thereon. On the same ground, if 1000l. had been paid to him, that amount might have been awarded.    No improvements have been made

[Gross *v.* Zorger.]

on the lands, nor has the defendant concurred in the purchase of Galbraith's title. Still however, if the plaintiff's counsel conceive a better case may be made for their client, we will agree, *that they may file a declaration in covenant, to which [*524 we will plead, and try the cause at the next court, on the present report being set aside, on its full merits.

The plaintiff's counsel answered, that the decision of the Supreme Court with respect to the umpire hearing the witnesses, is not applicable to this case. The referees have testified, that the chief evidence before them were the written title papers, and that the only material witness examined was Bartram Galbraith, whose deposition was fully taken at their desire, by an intelligent magistrate. Some other testimony of little moment was taken by themselves, and reduced into writing. But the whole was submitted to the examination and consideration of Mr. Barnitz, and consequently he had the same opportunity of being informed of the merits of the case, as the other referees.

Neither is the depreciation act applicable to the obligation. It is not a contract for the payment of money, but to do a collateral act. If auditors had been appointed under the law of 1781, they would have said, the act does not apply hereto, and under the 4th section would "settle and adjust the same, according to "equity and good conscience, upon due consideration had of "the nature and circumstances of the case."    ·

We contend therefore, that the debt found, does not surmount the penalty of the bond. The case cited from 2 Dall. 252, shews that interest may be legally computed from the time of performance of the contract, on the penalty. Allow only 20 years interest on 100l. specie, and added thereto, it would exceed the 217l. 11s. at the time of making of the award, which goes on the principle of allowing the defendant above four years to make a sufficient conveyance of the premises. Here the deed was an absolute nullity, and conveyed no title, and the penalty of the bond then became forfeited.

But admitting for argument's sake, that the time of eviction, was the period from which interest should be calculated on the penalty, by the strict rules of law, are we presumed to have had no views, when we agreed to enter into the reference? If we had thought that our form of action was ill adapted to our client's interests, might we not wish to get rid of our legal trammels, and be put in the same situation, as if we had brought covenant on the specialty? In this mode of suit, it is admitted we might recover damages, to the amount of any injury we could prove. 2 Dall. 254. On a general reference, the arbitrator has a greater latitude than the court of chancery, in order to do complete justice between the parties. 1 Ves. jr. 370. By a submission to *arbitration, a court both of law and equity divest them- [*525 selves of all judgments on the facts. 2 Ves. jr. 24. If this consideration had not prevented the plaintiff, he might

have proved to the court, that besides other improvements, he has erected a new barn on the premises ; and that the composition made with Galbraith, was effected with his full knowledge and concurrence. We rely on this, that in order to impeach an award, palpable error must be shewn, which would produce injustice.

The court took some time to advise, and afterwards delivered their opinion in substance as follows :

We adhere to the principle, under which we have frequently acted, that reports should not be set aside on slight grounds. A clear, plain, evident mistake, either in law or fact, which affects the justice and honesty of the case, must be satisfactorily shewn to the court, before they will deem themselves authorized to interpose ; but where such an instance occurs, their interference becomes a matter of indispensable duty.

The first ground of objection does not appear warranted by the determination of the Supreme Court in the cases of Falconer *v.* Montgomery and Newbold, and of Passmore *v.* Petit and Bayard, at the last term, for the reasons given by the plaintiff's counsel.

But we cannot help thinking, that the referees have adopted an erroneous principle of decision, by finding the sum paid by the plaintiff to Galbraith, on his second purchase, and the interest thereon as the measure of damages, unless the same was effected at the instance of the defendant, or he agreed thereto subsequently. The utmost length they could have gone, if the repayment of the original purchase money and interest would not be a sufficient compensation for the damages, which the plaintiff has sustained, would be to award the value of the premises at the time of the eviction, and the intermediate interest. We do not go so far, as to lay this down as an uniform rule of decision, which ought to prevail on title bonds of this nature.

Whether the debt found due to the plaintiff, exceeds the penalty or not, will depend on the period from which the interest is calculated. If the 100*l.* is reduced by the scale at the rate of 1½ for 1, it will certainly exceed it, though we should compute the interest from the time of the contract. On this point, however, we give no opinion whatever, whether the depreciation act applies, or not. But from what period, shall the interest commence, if the penalty is not reduced by the scale ? We think from April 1791, when Galbraith recovered against the plaintiff. Until that time, the plaintiff was in possession under the defend-ant's deed, and in the perception of the profits, and the *\*526]* right was unascertained.

The intermediate time from thence till the signing of the report, we may call 10 years and 5 months, which would produce the interest of 62*l.* 10*s.* and added to the principal, would form an aggregate of 162*l.* 10*s.* It would require 55*l.* 1*s.* more, to

[Eyster et al. *v.* Young.]

make up the 217l. 11s. found by the referees, as due to the plaintiff.

The court will be liberal, when judging of the reports of referees ; but the nature and settled forms of actions must be preserved by them equally as by juries.   Reports approved of by the court, have the same effect as verdicts, but are not more available.   Referees must adhere to the established essentials of actions ; otherwise their reports, though established by the court to which they are returned, would be set aside on error.   We must necessarily be supposed to mean such cases only, where a deviation from the usual rules is not allowed by the terms of the submission.

We therefore find ourselves constrained to set aside the report ; but it shall be on the terms offered by the defendant's counsel during the argument.   Let the plaintiff be at liberty to file a new declaration in covenant, and an agreement be subscribed for that purpose by the defendant's counsel ; an issuable plea be put in, and the cause tried at the next Circuit Court.— And if there is any danger whatever of the debt, as there is an acknowledged sum due, let judgment be entered by way of security.   Substantial justice will be done thereby to both parties, and if the defendant has been the means of subjecting the plaintiff to additional losses and expences, it will have due weight with the jury.

Messrs. Bowie and Hopkins, *pro quer.*

Messrs. Duncan and Cassat, *pro def.*